UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET** |
| **VERSUS** | **No. 10-154** |
| **DAVID WARREN, ET AL** | **SECTION "I"** |

## ORDER AND REASONS

Before the Court is a motion *in limine* filed by the government in which it seeks to exclude defendants' "prior good acts" evidence. The government seeks specifically to exclude photographs depicting the activities of defendant, Dwayne Scheuermann ("Scheuermann"), in the wake of Hurricane Katrina. The government also seeks to exclude commendations that defendant, Robert Italiano ("Italiano"), received from the New Orleans Police Department ("NOPD"). For the following reasons, the government's motion is **GRANTED IN PART and DEFERRED IN PART**.

**I. BACKGROUND**

This case concerns the alleged shooting and burning of Henry Glover in the immediate aftermath of Hurricane Katrina, the alleged obstruction into a federal investigation of those crimes, and the circumstances surrounding such events. The government's eleven-count second superseding indictment charges five former and current NOPD officers in connection with these alleged crimes. The government has not alleged a conspiracy. Furthermore, no officer is charged in every count of the second superseding indictment.

   **A.  *Crimes Charged Against Scheuermann***

1

Scheuermann and Gregory McRae ("McRae") are charged in counts 3 through 7.  Count 3 alleges that on or about September 2, 2005, Scheuermann and McRae, while acting under color of law as NOPD officers, deprived EK and WT of the right to be free from the use of unreasonable force by law enforcement officers and caused bodily injury to EK and WT.

Count 4 alleges that on or about September 2, 2005, Scheuermann and McRae, while acting under color of law as NOPD officers, and while aiding and abetting one another, unreasonably seized WT's vehicle by burning it without legal justification, thereby depriving WT of the right to be free from an unreasonable search and seizure by law enforcement officers.  Count 4 further alleges that Scheuermann and McRae used fire and a dangerous weapon during the alleged offense.

Count 5 alleges that on or about September 2, 2005, Scheuermann and McRae, while acting under color of law as NOPD officers and without legal justification, while aiding and abetting one another, burned Henry Glover's body, depriving Henry Glover's family of their rights to have access to the courts and to seek legal redress for a harm.  Count 5 also alleges that Scheuermann and McRae used fire and a dangerous weapon during the alleged offense.

Count 6 alleges that on or about September 2, 2005, Scheuermann and McRae aided and abetted one another in knowingly destroying evidence with intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI").  Specifically, count 6 charges these defendants with burning a 2001 Chevrolet Malibu containing the body of Henry Glover with the intent to impede, obstruct, and influence the investigation of the September 2, 2005 shooting of Henry Glover by a NOPD officer.  Count 7 charges Scheuermann and McRae with aiding and abetting each other and using fire to commit the felonies alleged in counts 4, 5, and 6.

### B. Crimes Charged Against Italiano

Count 8 charges both Italiano and Travis McCabe ("McCabe").  Count 8 alleges that on or about December 2, 2005, Italiano and McCabe, in relation to and in contemplation of a matter within the jurisdiction of the FBI, aided and abetted one another in knowingly altering, concealing, covering up, falsifying, and making entries in documents with intent to impede, obstruct, and influence the investigation and proper administration of a matter within federal jurisdiction.  Specifically, count 8 charges that Italiano and McCabe authored and submitted a false and misleading official report with the intent to impede, obstruct, and influence the investigation of the September 2, 2005 shooting and burning of Henry Glover.

Count 9 alleges that on or about April 21, 2009, Italiano knowingly and willfully made materially false statements and representations in a matter within the jurisdiction of the FBI when he told FBI agents investigating the shooting and burning of Henry Glover that: (1) no report was written after the shooting by Warren on September 2, 2005; (2) no missing persons reports were being generated after Hurricane Katrina; and (3) he was not aware of a connection between the September 2, 2005 shooting by Warren and the burning of a car and body behind the Patterson Road levee.  Count 9 further alleges that when Italiano made such statements to the FBI, he knew that: (1) a report was written after the September 2, 2005 shooting by Warren; (2) a missing persons report was generated for Henry Glover; and (3) there was a connection between the Warren shooting and the burned car and body behind the Patterson Road levee.

## II. LAW AND ANALYSIS

### A. Character Evidence With Respect to the Accused

"While Federal Rule of Evidence 404(a)(1) allows criminal defendants to introduce

'[e]vidence of a pertinent trait of character,' Rule 405(a) precludes such evidence from taking the form of specific instances in which the defendant acted in conformity with that trait." United States v. Cleveland, Criminal Action No. 96-207, 1997 WL 253124, *2 (E.D. La. May 14, 1997) (Vance, J.) (alteration in original). However, there are instances in a criminal case when a defendant may introduce specific instances of his conduct such as in "cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense . . . ." FED. R. EVID. 405(b); see also United States v. Gulley, 526 F.3d 809, 818 (5th Cir. 2008) ("Rule 405(b) . . . limits the use of specific prior acts to cases where character is at issue 'in the strict sense' because that method of proof 'possess[es] the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time.'") (quoting FED. R. EVID. advisory comm. notes). Otherwise, "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion." FED. R. EVID. 405(a).

"Character evidence encompasses evidence of a defendant's prior commendations and awards." United States v. Brown, 503 F. Supp. 2d. 239, 242 (D.D.C. 2007). Evidence of a defendant's commendations and awards is relevant only to the extent that such evidence purports to show character traits that are pertinent to the crimes of which the defendant stands accused or character traits that are essential elements of a charge or a defense. See United States v. Washington, 106 F.3d 983, 999 (D.C. Cir. 1997).[1]  The United States Court of Appeals for the

---

[1] The United States Court of Appeals for the First Circuit has determined that a police officer's commendations "which . . . purport to show . . . bravery, attention to duty, [and] perhaps community spirit . . . [are] hardly pertinent" to the crimes of perjury and conspiracy to commit mail fraud. United States v. Nazzaro, 889 F.2d 1158, 1160, 1168 (1st Cir. 1989). In another case, the United States Court of Appeals for the District of Columbia Circuit concluded that a police officer's commendation for "'dedication, aggressiveness and assertiveness' in investigating drug dealing and carjacking is neither 'pertinent' to nor an 'essential element' of [such police officer's] supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged." Washington, 106 F.3d at 999.

Fifth Circuit has rejected "the contention that lack of criminal intent may be demonstrated through specific acts evidence." Melton, 2008 WL 482893, at *2 (citing United States v. Marrero, 904 F.2d 251, 260 (5th Cir. 1990)).

### B. *Character Evidence Scheuermann Seeks to Introduce*

According to the government, Scheuermann seeks to introduce photographs depicting activities, such as rescue operations, that he conducted in the wake of Hurricane Katrina. Some of the photographs depict Scheuermann piloting a boat containing non-law enforcement persons through New Orleans' flooded streets. Other photos depict Scheuermann attempting to aid non-law enforcement persons out of their flooded homes and out of the flooded streets. One photo shows Scheuermann walking down an empty street.[2]

Having reviewed Scheuermann's photos, the Court concludes that such photos are inadmissible evidence of specific instances of conduct. To the extent that Scheuermann may attempt to introduce such photos to demonstrate a pertinent trait of character,[3] the photos are

---

In United States v. Melton, Criminal No. 2:08cr107-DPJ-LRA, 2008 WL 4829893, *1 (S.D. Miss. Nov. 4, 2008), the United States District Court for the Southern District of Mississippi determined that evidence purporting to show a public official's "trait of fighting crime and removing troubled property does not demonstrate a trait of character under Rule 404(a)" that is pertinent to a charge that the public official deprived a person of his or her constitutional rights.

Although the United States District Court for the District of Columbia has speculated that "a character trait akin to 'professional diligence' may be relevant" to the case as a whole or to a police officer defendant's defense when the "conduct at the heart of the charges against [police officer] Defendants . . . [is] part and parcel of Defendants' professional diligence and involves their duties as police officers," the court concluded that commendations "are more akin to specific instances of conduct which may only be offered '[i]n cases in which character or a trait of character of a person is an essential element of charge, claim, or defense.'" Brown, 503 F. Supp. 2d at 243-44 (quoting FED. R. EVID. 405(b)) (alteration in original).

[2] To the extent that any of the photos do not depict Scheuermann and only show the general conditions in New Orleans during Hurricane Katrina, the Court concludes that such photos are not relevant under Federal Rule of Evidence 402 and are also excludable under Federal Rule of Evidence 403.

[3] The Court does not conclude that the photos demonstrate a pertinent trait of character.

inadmissible because they depict specific instances of conduct and none of the photos can reasonably be construed to depict a character trait that is an essential element of any charges against Scheuermann or a defense to such charges. FED. R. EVID. 404(a)(1) & 405(b); see also Melton, 2008 WL 482893, at *1.

### C. *Character Evidence Italiano Seeks to Introduce*

According to the government, Italiano seeks to introduce seven commendations given to him by the NOPD. Such commendations date from 1972[4], 1973, 1979, 1980, 1984, and 1994. Six of the commendations explicitly state that they were awarded for "[e]xemplary performance and dedication to duty." Each of the seven commendations details specific instances of conduct. Specifically, the commendations state:

> 1.) The First District M.C.I. Unit is commended for the exemplary performance and dedication to duty exhibited during the months of January 1, through August 31, 1984. During this period their actions resulted in 543 adult arrests, 255 state felony arrests, 131 state misdemeanor arrests, the recovery of $160,000 in stolen property, and the processing of 1,238 state arrests for presentation to the office of the District Attorney. The quality, as well as the quantity of work performed by this unit has gained it the reputation of being one of the department's most productive units.
>
> 2.) On the night of July 12, 1972 two men armed with weapons, with no apparent reason, began roving the streets of your district with the intent to kill anyone they found. Three persons were shot at, one seriously wounded. You were able to identify the subjects, apprehending one after a diligent investigation. You also have an outstanding record of apprehensions. Your diligence, tenacity and knowledge of police work are commended.
>
> 3.) You answered [an officer's] call for assistance and began searching the area for the three men who had attempted to rob a citizen but due to the citizen's stating to the men that they would have to kill him and lunging for the man who was holding the gun,

---

[4] Two of the commendation letters date from 1972. The 1984 and 1994 commendations appear to be "unit citation[s]" awarded to a number of officers in units in which Italiano served as a commander.

      the trio fled. At this time you observed a man being chased by two men. You joined in the chase and after about four blocks and a violent struggle apprehended the man. You then took the man back where he was positively identified. At this point you coordinated the investigation and supervised the scene. Officers Marie and Keller caught the other man being sought. A follow-up investigation revealed the three men are suspected of participating in sixteen robberies in a multi-parish area.

4.) Acting on information received, you apprehended a subject who had been one of two perpetrators of armed robbery, bicycle theft and aggravated crime against nature on three young juveniles. Your actions are a credit to you and to the Department.

5.) . . . [On] May 26, 1980, you and other members of the Second Platoon of the First District participated in an operation which ultimately led to the arrest of a dangerous and highly sought after fugitive.

    It is this type of cooperation among the members of this Department which can have a very important impact on the crime situation in this city.

    . . .

6.) Through diligence, perseverance and teamwork, a subject was arrested and over $20,000.00 worth of property was recovered which was identified as stolen in previous burglaries and thefts.

7.) These officers are commended for their outstanding productivity, exemplary performance and dedication to duty. During the month of August, 1993, they effected 55 felony, 24 state misdemeanor, 8 state traffic, 10 city traffic and 11 juvenile arrests in addition to handling 1076 calls for service. The majority of these arrests were self-initiated, often catching the felons in the act of committing the crimes. Their team work and high morale is directly attributable to their outstanding arrest success.

Having reviewed Italiano's seven commendations, the Court concludes that such commendations are evidence of specific instances of conduct. None of the commendations detail specific instances of conduct that could reasonably be construed to be probative of Italiano's character for truthfulness or veracity. Because Italiano is charged with obstruction of justice and

making false statements, the commendations do not purport to show character traits pertinent to such crimes.  Brown, 503 F. Supp. 2d at 241 ("In determining which character traits may be relevant to the instant case, the Court notes that Defendants have been charged with obstruction of justice and making false statements.  The Court concludes that such charges implicate the truthfulness and veracity of Defendants . . . .").  As the commendations do not detail specific instances of conduct that could reasonably be construed to show Italiano's character for truthfulness and veracity, Italiano may not introduce the commendations as evidence of specific instances of conduct relevant to an essential element of his defense to the obstruction of justice and false statements charges against him.

### D.  *Federal Rule of Evidence 403*

Even if Scheuermann's photos and Italiano's commendations were relevant and otherwise admissible, the Court concludes that the probative value of such evidence would be substantially outweighed by the danger of confusion of the issues, misleading the jury, considerations of undue delay, and a waste of time.  FED. R. EVID. 403.

### E.  *Other Issues*

There are two other issues raised in Italiano's response.  First, Italiano asserts that he should be allowed to introduce evidence of a lack of citizen complaints against him.  Although the Court questions the admissibility of such evidence in any form, the Court **DEFERS** ruling on this issue until trial.[5]  Second, Italiano argues that he should be allowed to introduce evidence

---

[5] As the United States Court of Appeals for the Third Circuit has stated, "testimony as to the lack of prior bad acts is, in essence, testimony as to multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a)."  Gov't of the V.I. v. Grant, 775 F.2d 508, 512 (3rd Cir. 1985).  As stated in the body of this order, the United States Court of Appeals for the Fifth Circuit has rejected "the contention that lack of criminal intent may be demonstrated through specific acts evidence."  Melton, 2008 WL 482893, at *2 (citing United States v. Marrero, 904 F.2d 251, 260 (5th Cir. 1990)); see also United States v. Scarpa, 897 F.2d 63, 70 (2nd Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific

"that he is a police officer whose history exemplifies a conscientious diligence in the prosecution of his fellow police officers who may have broken the law." The Court refrains at this time from making a determination with respect to whether such alleged history is a pertinent character trait to any charged crime or an essential element of a defense to any such crime. The Court also **DEFERS** ruling on this issue until trial.[6]

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Government's motion to exclude evidence of Scheuermann's photos and Italiano's commendations is **GRANTED**. Defendants and their counsel are **ORDERED** not to mention such photographs, commendations, or their contents in argument or in evidence unless prior permission of the Court is granted.

---

occasions.); United States v. Camejo, 929 F.2d 610, 613 (11th Cir. 1991) ("Evidence of good conduct is not admissible to negate criminal intent.").

The Third Circuit has also observed that testimony regarding the lack of prior bad acts "is generally less probative of good character than general reputation or opinion evidence, for one's good reputation presumably reflects not only the absence of specific bad acts, but also one's good acts and general public conduct." Grant, 775 F.2d at 512. "Indeed, testimony that one has never been arrested is especially weak character evidence; a clever criminal, after all, may never be caught." Id.

To the extent that there is an effort to admit such evidence as background evidence, the Third Circuit has recognized that "the line between background evidence and character evidence is blurred . . . ." Id. at 513 n. 7. The Court has "wide discretion" whether to admit evidence it determines to be background evidence and it recognizes the low probative value of such evidence. Id. at 513.

The probative value of any evidence of a lack of citizen complaints against Italiano would also likely be substantially outweighed by the likelihood that such evidence would confuse the issues in this case, mislead the jury, and constitute a waste of time under Federal Rule of Evidence 403. The way in which Italiano interacted with the citizen population is not an issue with respect to Italiano and evidence that no citizen ever filed complaints against Italiano would have little, if any, probative value with respect to the issues in this case.

[6] Even if the Court would conclude that such history demonstrates a pertinent character trait or an essential element of Italiano's defense, the probative value of any such evidence may be substantially outweighed by the likelihood that such evidence would confuse the issues in this case, mislead the jury, and constitute a waste of time under Federal Rule of Evidence 403. In particular, there is the risk that admitting specific instances of such conduct would result in the Court having to conduct mini-trials on collateral issues as issues relative to each of the reports and investigations Italiano allegedly conducted could be debated.

**IT IS FURTHER ORDERED** that, unless prior permission of the Court is granted, Italiano and his counsel may not mention in argument or introduce into evidence the alleged lack of citizen complaints against Italiano or his alleged involvement in the prosecution of his fellow police officers.  The Court **DEFERS** its rulings with respect to such matters.

New Orleans, Louisiana, November \_\_\_4th\_\_\_, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**